**H. A. HAMLIN, Trustee of Willamette Iron & Steel Corporation, a Dissolved Corporation**

v.

**The UNITED STATES.**

**No. 49520.**

United States Court of Claims.

Jan. 11, 1955.

Everett A. Mathews, San Francisco, Cal., Pillsbury, Madison & Sutro, Washington, D. C., on the briefs, for plaintiff.

Carl Eardley, Washington, D. C., Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

WHITAKER, Judge.

Plaintiff H. A. Hamlin is the trustee charged with the liquidation of the corporate affairs of the Willamette Iron and Steel Corporation. (Hereinafter plaintiff will be referred to as Willamette.)

On December 16, 1940 defendant notified Willamette that it had been awarded a cost-plus-a-fixed-fee contract for the construction of two mine layers, subject to the execution of a performance bond in the sum of $1,000,000 and a payment bond in the sum of $2,500,000.

Since Willamette was unable to secure these bonds, it entered into a joint venture agreement with Guy F. Atkinson Company (hereinafter called Atkinson), on December 28, 1940, under the terms of which Atkinson and Willamette each agreed to deposit the sum of $600,000 in a trust fund, to secure the sureties on the required performance and payment bonds. Under the agreement Atkinson was given the right "to nominate a person to be employed by the joint venture who is to devote his full time in an executive managerial capacity to cooperate in supervising the work comprising the joint venture." Such a person was nominated and actively participated in carrying out the joint venture. Atkinson was entitled to 35 percent of the profits.

Under the laws of the State of Oregon "every mercantile, manufacturing and business corporation doing or authorized to do business within this State shall annually pay to the State * * * for the privilege of carrying on or doing of business by it within this State, an excise tax according to or measured by its net income * * *." Under this Act Atkinson paid taxes for the years 1941 to 1944 totaling $42,178.96,

and for the year 1945, $10,653.99, or a total of $52,832.95, on account of its profits from the joint venture.

Defendant refused to reimburse plaintiff for these taxes on the theory that Atkinson was not a party to the contract and therefore, it was said, plaintiff could not recover costs incurred by Atkinson incident to the carrying out of the contract. This presents the issue in the case.

Defendant has reimbursed plaintiff for such taxes paid by it; it has refused to pay the taxes incurred by Atkinson only because Atkinson was not a party to the contract. However, defendant was fully informed by plaintiff that the contract was to be performed under the joint venture agreement between it and Atkinson, and, therefore, that Willamette was executing the contract on behalf of the joint venture. On January 6, 1941, both Atkinson and Willamette spent the entire day with the contracting officer discussing plans for the joint venture, and the contracting officer consented to this arrangement for carrying out the contract.

Under the terms of the joint venture the contract was to be signed by Willamette only; but the contracting officer was fully advised of the terms of the joint venture and of the fact that the contract was to be performed by Willamette and Atkinson as coadventurers. On the day the contract between defendant and Willamette was executed, plaintiff formally wrote defendant transmitting the contract, together with the surety bonds, and also a copy of the joint venture agreement.

Plaintiff's letter of that date reads as follows:

" * * * We also hand you herewith a copy of a joint venture agreement which we have made under date December 28, 1940, with the Guy F. Atkinson Company of San Francisco, California, pursuant to which it will cooperate with us in the matter of financing and managing the work. The contract (NOd–1601) remains exclusively in our name, without limitation on our liability for its performance and all communications and dealings respecting the same should be addressed to and carried on exclusively with us. The enclosed copy of this agreement is furnished so that you may be fully advised concerning the same."

Defendant was, therefore, fully aware that, while the contract was signed by Willamette alone, it was signed by it on behalf of the joint venturers.

Under plaintiff's contract with defendant it was entitled to its costs in performing the contract, which, as stated above, included the excise tax necessary to be paid in order to perform the contract. Defendant has reimbursed Willamette for the excise tax paid by it, but, since defendant was fully aware that Willamette was signing the contract not only on its own behalf, but also on behalf of Atkinson, its coadventurer, and since Atkinson actively participated in carrying out the contract, defendant is also liable for the excise tax which Atkinson had to pay in order to do its part in the performance of the contract.

Had Willamette been entitled to all the profits from the venture, its taxes to the State of Oregon would, presumably, have been increased by the amount of the taxes paid by Atkinson, since the tax was measured by the net income.

■ Defendant makes the claim that the administrative decision denying plaintiff's claim for Atkinson's excise taxes is final, but it is thought that this claim is not seriously made. The question of defendant's liability to reimburse plaintiff is not a question of fact, but one of law, as to which the administrative decision is not conclusive on this court.

■ Plaintiff is entitled to recover of defendant the sum of $52,832.95. Judgment for this amount will be entered.

JONES, Chief Judge, and LARAMORE, MADDEN, and LITTLETON, Judges, concur.